**Armstrong County Memorial Hospital v. Vitolo**

*Jack D. Heim*, for plaintiff.
*James G. Callas*, for defendants.

HOUSE, *P.J.*, March 13, 1979—This case was initiated by the complaint in assumpsit of the plaintiff hospital for $763.05 allegedly owed by defendants for hospital services rendered. Defendants admit the admission of Sharon Vitolo into the hospital for the delivery of their child and have apparently, through hospitalization insurance, paid all but the amount in controversy. Defendants under new matter have alleged that the amount claimed by the hospital was a charge for extended hospitalization caused by the unspecified negligence of agents, servants and/or employes of plaintiff hospital. Defendants note that this amount is beyond the scope of their hospitalization insurance and they assert that this amount is not owed to the hospital.

Plaintiff hospital has filed a preliminary objection to the new matter in the nature of a motion to strike. Plaintiff argues that defendant's new matter amounts to a counterclaim or demand for set-off and is therefore covered by the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 Pa.C.S.A. §1301.101 et seq., which places exclusive original jurisdiction over such claims in an administrator for arbitration panels. Therefore, plaintiff contends, this court has no jurisdiction to hear this argument.

The issues posed are whether the defense as pleaded by defendant is actually a counterclaim or demand for set-off and alternatively, if it is not, whether such defense is still a "claim" under the Health Care Services Malpractice Act of 1975. The resolution of these issues is required by section 309 of the act, 40 Pa.C.S.A. §1301.309, which reads in part: "The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or

damages resulting from the furnishing of medical services . . . " Thus if the defendants' affirmative defense that the extended hospitalization was the result of the plaintiff's negligence is a "claim" under the act, then the preliminary objection must be sustained.

As admitted by plaintiff in its brief in support of preliminary objections, no cases have yet been decided on this question. Nevertheless we feel we must agree with plaintiff. Pa.R.C.P. 1030 defines what defenses may be set forth in the new matter including generally, any "material facts which are not merely denials of the averments of the preceding pleading." However it has long been the rule that a counterclaim, set-off or recoupment should not be pleaded under the heading of new matter but under the heading of counterclaim.

Here, defendants are claiming as a defense that the need for extended care was caused by the hospital's negligence. However, in actuality, defendants are asserting a claim against the hospital sounding in negligence and assessing damages in an amount equal to the unpaid portion of the hospital's bill. It is not a true "defense" to the action in assumpsit, but is actually a claim for damages in trespass arising out of the same transaction or occurrence, thus meeting the requirements of a counterclaim. As a "claim" against a provider of medical services, the Administrator for Arbitration Panels for Health Care has exclusive jurisdiction in this matter.

The public policy and purpose of the Health Care Services Malpractice Act support this conclusion. Section 102 of the act, 40 Pa.C.S.A. §1301.102, reads in part: "It is the purpose of this act to . . . establish a system through which a person who has sustained injury . . . as a result of tort . . . by a

health care provider can obtain a prompt determination and adjudication of his claim and the determination of fair and reasonable compensation." This act was established to cover all allegations of negligence by patients against health care providers. Original jurisdiction over any such matter was removed from the courts and placed in the administrator under the act. We believe the act to be broad enough to include the defendants' allegations here, whether they be called a "defense" or a "claim," since it is in essence an allegation that the plaintiff hospital's negligence is the cause of the injuries.

## ORDER

And now, March 13, 1979, after the submission of briefs and oral argument, it is hereby adjudicated, ordered and decreed that plaintiff's preliminary objection in the nature of a motion to strike defendants' new matter be and it is hereby granted and the new matter stricken.